NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

LISA MARIA PADILLA, *Appellant*.

No. 1 CA-CR 18-0391
FILED 5-30-2019

Appeal from the Superior Court in Yavapai County
No.  P1300CR201600797
The Honorable Tina R. Ainley, Judge

**AFFIRMED**

COUNSEL

M. Alex Harris, Chino Valley
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Michael J. Brown joined.

---

**P E R K I N S**, Judge:

¶1            Lisa Maria Padilla timely filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following her convictions of sale or transportation of a dangerous drug, a Class 2 felony; sale or transportation of marijuana, a Class 3 felony; and two counts of possession of drug paraphernalia, each a Class 6 felony. Padilla's counsel has searched the record on appeal and found no arguable question of law that is not frivolous. *See Smith v. Robbins*, 528 U.S. 259, 284 (2000); *Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530, 537 (App. 1999). Padilla was given the opportunity to file a supplemental brief but did not do so. Counsel now asks this Court to search the record for fundamental error. After reviewing the entire record, we affirm Padilla's convictions and sentences.

**FACUTAL AND PROCEDURAL BACKGROUND**

¶2            Half an hour past sunset on June 11, 2016, a Yavapai County deputy sheriff spotted a sport utility vehicle ("SUV") driving on Interstate 40 without its headlights on. The deputy pulled out and followed the SUV with his emergency lights on. Upon seeing the deputy, the driver of the SUV turned the headlights on. Before the driver pulled over, the deputy noticed an air freshener hanging from the SUV's rearview mirror, which he believed was a violation of Arizona Revised Statutes ("A.R.S.") section 28-959.01(B) ("a person shall not operate a motor vehicle . . . with an object or material placed, displayed, installed, affixed or applied in or on the motor vehicle in a manner that obstructs or reduces a driver's clear view through the windshield"). *See Heien v. North Carolina*, 135 S.Ct. 530, 536 (reasonable mistake of law on unconstrued traffic statute can constitutionally give rise to reasonable suspicion for traffic stop).

¶3            After finding out the driver's license was suspended, the deputy asked the driver if there was anything illegal in the SUV, to which the driver replied "hell no." The driver then granted permission to search the vehicle. Padilla and the other passenger denied there was anything illegal in the SUV, including marijuana, even though the deputy opined that

it "kind of smell[ed] like marijuana." Both Padilla and the other passenger gave the deputy permission to search their belongings.

¶4        During the search, the deputy found several packages wrapped like presents, which he suspected contained drugs. The deputy asked Padilla for permission to unwrap the packages and Padilla consented, but told the deputy the packages also belonged to the driver. After the deputy asked the driver for permission to search the packages, the driver took it upon himself to unwrap one, which revealed a box underneath. The driver then disclaimed ownership of the packages. The deputy asked Padilla for permission to open the box and she consented, whereupon he found another box within and asked Padilla for consent to open it, which she gave. The deputy found more packaging: this time bubble wrap and duct tape. Padilla then withdrew her consent to search and the deputy placed her in the back of a squad car, explaining that he believed there were drugs within the bubble wrap.

¶5        The deputy called for a police dog to check the packages for drugs and the dog took some time to arrive. The dog gave a "positive alert" for contraband and the deputy then searched the packages and found what he believed, and was later confirmed, to be over five pounds of methamphetamine and over a pound of marijuana. The deputy then arrested Padilla.

¶6        After receiving *Miranda* warnings, Padilla claimed that she had come from California with the driver and other passenger, and that the driver had stolen the packages from a car at a rest stop. The deputy would later testify that he knew the area well and that no rest stop matched her and the driver's description. Furthermore, an audio recording from within the deputy's squad car revealed that Padilla and the driver had rehearsed this story while waiting for the police dog.

¶7        The state charged Padilla with transportation of dangerous drugs, a class 2 felony, transportation of marijuana, a class 3 felony, and two counts of possessing drug paraphernalia, each a class 6 felony. The state also alleged as aggravators that Padilla had committed the offenses with an accomplice and with the expectation of pecuniary reward.

¶8        Padilla voluntarily waived a trial and submitted the case to the superior court on the record, including testimony adduced from the deputy at suppression hearings. The court found Padilla guilty on all counts, and later sentenced her to concurrent sentences, the longest of which was six years' flat time. Padilla timely appealed.

**DISCUSSION**

**¶9**        The record reflects Padilla received a fair trial. She was represented by counsel at all stages of the proceedings and was present at all critical stages. The court held appropriate pretrial hearings.

**¶10**        The court held a suppression hearing at which it heard from the deputy; it also considered Padilla's arguments about waiting for the police dog under *Rodriguez v. United States*, 135 S.Ct. 1609, 1614 (2015) (authority for traffic stop ends when "tasks tied to the traffic infraction" reasonably should be concluded). The court did not abuse its discretion in finding that Padilla consented to a search of the packages and that, by the time Padilla retracted her consent, the deputy had a reasonable, articulable suspicion that they contained narcotics. *See State v. Teagle*, 217 Ariz. 17, 22–24, ¶¶ 20–25 (App. 2007). The dog sniff was thus independently supported. *See Rodriguez*, 135 S.Ct. at 1616–17.

**¶11**        The State presented both direct and circumstantial evidence sufficient to allow the court to convict. The court properly conducted a colloquy with Padilla to ensure that her waiver of a jury trial was both knowing and voluntary, and the waiver was in writing. Ariz. R. Crim. P. 18.1. Padilla waived preparation of a presentence report. *See* A.R.S. § 13-701(B). Padilla was allowed to address the court during the sentencing hearing and the court imposed legal sentences for the crimes of which it convicted Padilla.

**CONCLUSION**

**¶12**        We have reviewed the entire record for arguable issues of law and find none, and therefore affirm the convictions and resulting sentences. *See Leon*, 104 Ariz. at 300–01.

**¶13**        Defense counsel's obligations pertaining to Padilla's representation in this appeal have ended. Counsel need do no more than inform Padilla of the outcome of this appeal and her future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Padilla has 30 days from the date of this decision to proceed, if she wishes, with a *pro per* motion for reconsideration. Padilla has 30 days from the date of this decision to

proceed, if she wishes, with a *pro per* petition for review.



AMY M. WOOD • Clerk of the Court
FILED:   AA